IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARNSTONE STUDIOS, LLC, :
        Plaintiff, : Civil Action No.
   v. :
        :
ALADINE VARGAS d/b/a VARGAS WEBSITES, :
        Defendant. :

## COMPLAINT

Plaintiff, Barnstone Studios, LLC ("Barnstone"), by and through its counsel, Fitzpatrick Lentz & Bubba, P.C., files the following Complaint and in support thereof avers as follows:

### Parties

1. Plaintiff, Barnstone Studios, LLC ("Barnstone"), is a Pennsylvania limited liability company with its registered business address and primary place of business at 52 North Second Street, Suite 3, Coplay, PA 18037.

2. Myron Barnstone is the sole member of Barnstone Studios, LLC

3. Defendant, Aladine Vargas (hereinafter "Vargas") is an individual, residing at 309 N. Walnut Street, Wernersville, PA 19565.

4. Plaintiff is engaged in the business of selling art instruction and art instruction videos.

5. Defendant is involved in the business of e-commerce and sells, among other things, access to art instruction videos online.

6. Vargas does business in the Commonwealth of Pennsylvania under the name Vargas Websites.

7. Vargas Websites is not a registered business entity or registered fictitious business name.

8.  Vargas and/or Vargas Websites owns and operates the website located at www.DrawingVideos.com (hereinafter "Drawing Videos").

### Jurisdiction and Venue

9.  Venue is proper in this Court under 28 U.S.C. § 1391, because this action arises from transactions and occurrences which occurred within this district, including Defendant's copyright infringement and unfair competition. Further, this is the District in which both parties maintain their primary place of business.

10. Venue is also proper in this Court under 28 U.S.C. § 1400(a), because this proceeding arises under an Act of Congress relating to copyrights and the defendant resides or may be found in this district.

11. This Court has jurisdiction over Vargas because he has transacted business in Pennsylvania. Vargas has clearly availed himself of the protection of Pennsylvania's laws by virtue of operating his business in this District.

12. This Court has subject matter jurisdiction over the controversy under 28 U.S.C. §§ 1331 and 1338, because this action arises pursuant to the federal Lanham Act and Copyright Act.

### The Parties' Former Business Relationship

13. Vargas and/or Vargas Websites (hereinafter collectively "Vargas"), was an independent contractor, provided consulting services to Barnstone Studios for digital marketing, including but not limited to website design and development.

14. On February 26, 2014, Barnstone Studios terminated its independent contractor relationship with Vargas.

15. In connection with Barnstone Studios' termination of its independent contractor relationship with Vargas, Barnstone Studios and Vargas, through their respective attorneys, negotiated a settlement agreement and mutual release, which Vargas executed on July 11, 2014 (hereinafter the "Settlement Agreement").

16. Section 1.5(b)(1) of the Settlement Agreement permits Vargas to keep a copy of, and to use for Vargas' promotional marketing purposes, a list of email addresses jointly developed by Vargas and Barnstone Studios during the time of their independent contractor relationship (hereinafter the "Email Lists").

17. Section 1.5(d) of the Settlement Agreement expressly disclaims any sponsorship or association by or between Barnstone Studios and Vargas and does not authorize Vargas to state any sponsorship or association of Vargas or Drawing Videos by Barnstone Studios.

18. Vargas enjoys no license or authority of any kind whatever to represent any sponsorship or association of its products by Myron Barnstone or Barnstone Studios, nor to copy or distribute the Barnstone Method.

## COUNT I
## VIOLATION OF § 43(a) OF THE LANHAM ACT

19. Plaintiff incorporates by reference the averments set forth in paragraphs 1 through 18, above, as if set forth at length.

20. Myron Barnstone is an artist widely known in the art industry for his expertise in instructing and training artists through a process known as the "Barnstone Method."

21. Myron Barnstone has been teaching students how to draw using the Barnstone Method for forty years. He has been a professional artist since the mid-1960s.

22. Myron Barnstone and Barnstone Studios have used the names Barnstone and Barnstone Method in business and invested heavily over decades in advertising and promoting the Mark for Barnstone's products and services instructing students in art.

23. Over the course of years, and as a result of Barnstone's substantial investment, advertising and promotional efforts, Barnstone has become widely known to consumers as the source of the Barnstone Method of art instruction. The Barnstone name is now widely recognized by consumers as being associated with Barnstone Studios and the Barnstone Method, and specifically with Plaintiff's products and services.

24. Barnstone Studios does not presently sponsor, endorse or otherwise have any business association or dealings with Vargas or Drawing Videos.

25. With full knowledge of Barnstone's rights, Vargas has been selling or offering for sale in interstate commerce his own products and services using the Barnstone name, in competition with Barnstone's products and services.

26. The acts of Vargas constitute unfair competition and infringement of Barnstone's rights.

27. As a result of Barnstone's considerable investment of time and money, the Barnstone name has developed secondary and distinctive meaning to consumers in the relevant market. The Barnstone name has come to indicate to consumers products of quality originating with the Plaintiff.

28. On or about September 21, 2014, Vargas sent an email (hereinafter the "September Email") to an unknown number of third parties using the Email Lists. A copy of one such email is attached hereto as Exhibit 1.

29. The September Email states that it is an "Important Update to your Barnstone Studios student video access."

30. The September Email further states that "students of Myron Barnstone who have already purchased his DVDs and online videos no longer have access to watch or download them."

31. The September Email instructs and Drawing Videos requires students to sign up on the Drawing Videos website before giving them access to receive electronic copies of the videos which comprise the Barnstone Method.

32. These students would not otherwise sign up for the Drawing Videos website.

33. The document attached hereto as Exhibit 2 is a true and correct copy of Vargas' profile page on Drawing Videos.

34. Vargas' user profile shows the word "Author" next to the titles "Barnstone Studios Figure Class," "Barnstone Studios Color Course" and "Barnstone Studios Drawing Course."

35. Vargas is not the author of the three aforementioned video courses.

36. Product pages on Drawing Videos for each Barnstone video course available on Drawing Videos (attached as Ex. 3) show the name "Victor Vargas" under the title of the video course. Victor is Vargas' middle name.

37. The product pages on Drawing Videos for each Barnstone video course available on Drawing Videos fails to display the true cover of the original DVDs from which the electronic copies were made.

38. The foregoing describes conduct by Vargas that is false and misleading and is likely to cause mistake or to deceive consumers as to the affiliation, connection, or association of Vargas and/or Drawing Videos with Barnstone Studios.

39. The foregoing describes conduct by Vargas that misrepresents the nature, characteristics, and qualities of the Barnstone Studios videos and Barnstone Studios itself.

40. The foregoing describes conduct by Vargas that misrepresents the nature, characteristics, and qualities of the videos on Drawing Videos and of Drawing Videos itself.

41. Vargas's actions in trading on Barnstone's name and palming off his own goods and services have been willful and have been undertaken with the purpose of deceiving consumers.

42. As a result of such conduct, Defendant has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time and money that Plaintiff has invested in establishing its reputation and goodwill.

43. By reason of Vargas's conduct, Barnstone has suffered and will continue to suffer damage to its business, reputation and goodwill.

44. By reason of Vargas's conduct, Vargas has caused and, unless enjoined by this Court, will continue to cause consumer confusion as to the source, origin, sponsorship and/or affiliation of Vargas's products and their relationship to Plaintiff and Plaintiff's products.

45. Through his commercial advertising and promotion Vargas has misrepresented the nature, characteristics, and qualities, of his goods and services as related to the Barnstone Method.

46. As a result of Vargas's conduct, Plaintiff has suffered and, unless Vargas's conduct is enjoined, will continue to suffer injury and damages for which it is entitled to relief.

47. By reason of Vargas's conduct, Vargas has caused and, unless enjoined by this Court, will continue to cause immediate and irreparable harm to Barnstone for which there is no adequate remedy at law, and for which Barnstone is entitled to injunctive relief.

48. At all relevant times, Vargas has been aware of the goodwill associated with the Barnstone name and that consumers recognize the Barnstone name as identifying products of Barnstone Studios, distinguishing Plaintiff's products from those of others.

49. Defendant's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125).

50. As a result of Vargas's conduct, Plaintiff has suffered injury and damages for which it is entitled to relief.

## COUNT II
## DIRECT COPYRIGHT INFRINGEMENT

51. Plaintiff incorporates by reference the averments set forth in paragraphs 1 through 50, above, as if set forth at length.

52. Each of the videos comprising the Barnstone Method is a copyrighted work.

53. Barnstone Studios, LLC is the owner, by written assignment, of each of the videos comprising the Barnstone Method and the copyrights therein. A true and correct copy of the written assignment of the works is attached hereto and marked as Exhibit 4.

54. On September 23, 2014, Barnstone Studios, LLC caused to be filed an application for registration of the copyright in the Barnstone Method, with special handling.

55. On information and belief, Vargas designed and administers the content of the website located at www.DrawingVideos.com.

56. Barnstone is the owner of the exclusive right to reproduce and distribute, and authorize the reproduction and distribution of the copyrighted works which comprise the Barnstone Method.

57. Barnstone has neither authorized Vargas and DrawingVideos.com to duplicate the Barnstone Method videos, nor to provide downloads of those videos via the Internet.

58. Section 1.4 of the Settlement Agreement states "Vargas shall not sell, rent, provide access to or otherwise distribute electronic copies of any Barnstone Studios video content, except as necessary to fulfill orders of Barnstone Studios customers existing prior to the" effective date of the Settlement Agreement.

59. Electronic copies of the Barnstone DVD's are available for download on www.DrawingVideos.com.

60. By visiting the webpage located at http://drawingvideos.com/shop/barnstone-videos/ and creating a user account on Drawing Videos, any person may download a digital copy of the "Drawing and Design," "Color Control" and "Figure Drawing," videos without providing any proof of purchase.

61. True and correct copies of completed orders and email confirmation of the orders of the copyrighted works from Drawing Videos, at no cost, to an individual who did not previously purchase the Barnstone DVD's or downloadable electronic copies of the Barnstone DVD's are collectively attached and marked as Exhibit 5.

62. A true and correct copy of a screenshot of the downloading of an electronic copy of the Barnstone Studios Figure Class, at no cost, by an individual who did not previously purchase the Barnstone DVD's or downloadable electronic copies of the Barnstone DVD's is attached hereto and marked as Exhibit 6.

63.     These actions by Vargas directly infringe the exclusive rights to reproduce and distribute copies of a copyrighted work, which rights are reserved to the copyright owner under 17 USC § 106.

64.     Vargas has infringed Barnstone's copyrights deliberately and willfully.

65.     Vargas has continued to infringe Barnstone's copyrights, and unless enjoined by this Court, will continue to infringe Barnstone's copyrights, causing Barnstone irreparable harm.

66.     Barnstone has sustained, and will continued to sustain, substantial injury, loss and damage to its exclusive rights under the copyright laws of the United States by reason of Vargas' conduct.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

67.     Plaintiff incorporates by reference the averments set forth in paragraphs 1 through 66, above, as if set forth at length.

68.     Vargas caused the electronic copies of the Barnstone videos to be available on Drawing Videos.

69.     Vargas caused the September Email to be sent.

70.     Vargas knew that the September Email provided a link to the webpage at http://drawingvideos.com/shop/barnstone-videos/.

71.     Vargas knew that by visiting the webpage at http://drawingvideos.com/shop/barnstone-videos/ and creating a user account on Drawing Videos, any person could download electronic copies of the Barnstone videos without providing any proof of prior purchase.

72.     Vargas knew or should have known that the September Email could be forwarded from its original recipients to others.

73. These actions induce and/or materially contribute to the direct infringement by third parties of the copyrights in the Barnstone Method and the individual videos comprising it.

74. Vargas' conduct, as alleged herein, constitutes infringement of Barnstone's copyrights.

75. Vargas has continued to permit, encourage, and facilitate the infringement of Barnstone's copyrights, and unless enjoined by this Court will continue to permit, encourage, and facilitate the infringement of Barnstone's copyrights, causing Barnstone irreparable harm.

76. Barnstone has sustained, and will continued to sustain, substantial injury, loss and damage to its exclusive rights under the copyright laws of the United States by reason of Vargas' conduct.

## COUNT IV
## REQUEST FOR INJUNCTION

77. Plaintiff incorporates by reference the averments set forth in paragraphs 1 through 76, above, as if set forth at length.

78. Defendant's conduct constitutes tortious interference with contractual relations in contravention of Pennsylvania law and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125).

79. Defendant's conduct also constitutes copyright infringement in violation of 17 USC § 106.

80. Defendant has committed and, unless enjoined by this Court, will continue to continue to commit the acts alleged above, with full knowledge of Plaintiff's rights and with willful and intentional disregard of Plaintiff's rights.

81. Defendant's unauthorized use of Plaintiff's copyrighted works to palm off its own products and services as described above has caused and, unless enjoined by this Court, will

continue to cause confusion in the mind of consumers as to the relationship or affiliation between the parties.

82. Unauthorized electronic copies of the Barnstone Method originating from Drawing Videos are likely to become available through illegal download sites, further harming Barnstone Studios, if the content of Drawing Videos described herein is not immediately and permanently removed.

83. By reason of Vargas's conduct, Barnstone has suffered and will continue to suffer damage to its business, reputation and goodwill.

84. By reason of Vargas's conduct, Vargas has caused and, unless enjoined by this Court, will continue to cause immediate and irreparable harm to Barnstone for which there is no adequate remedy at law, and for which Barnstone is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

1. That Vargas be permanently enjoined from directly or indirectly duplicating or copying any video recording or art of which Barnstone is the copyright registrant, assignee, or author; and

2. That Vargas be permanently enjoined from employing the names 'Myron Barnstone,' 'Barnstone Studios,' or 'The Barnstone Method' in advertising his goods or services or otherwise from making further false and/or misleading statements to others regarding Barnstone Studios and the availability of Barnstone Studios content, either through the Email Lists or otherwise; and

3. That Vargas be required to pay Barnstone damages to be determined at time of trial for Defendant's violations of the Lanham Act; and

4. That Vargas be required to pay Barnstone statutory damages of up to $30,000 for each of his copyright infringements with respect to each copyright. If the Court finds that any infringement was committed willfully, Barnstone prays for statutory damages of up to $150,000 for each copyright for all willful infringements; and

5. That Barnstone recover costs of suit and reasonable attorneys' fees; and

6. That Barnstone shall have such other relief as the Court may deem just and proper.

Date: September 25, 2014

FITZPATRICK LENTZ & BUBBA, P.C.

By: _____
Joshua A. Gildea
P.A. I.D. 205911
4001 Schoolhouse Lane, P.O. Box 219
Center Valley, PA 18034-0219
(610) 797-9000
Attorneys for Plaintiff